# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JOSEPH FLATELY | * | CIVIL ACTION NO. 18-cv-612-TCK-JFJ |
| | * | |
| VERSUS | * | JUDGE: |
| | * | |
| (1) CHECK-6 INC., (2) YAREMA SOS (3) BRIAN BRURUD, AND (4) LAURA OWEN | * * * | MAG. JUDGE: |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

1. This is an action brought by Joseph Flatley (hereinafter "Plaintiff"), to recover overtime compensation from his former employer Check-6 Inc. ("Check-6") and Check-6's directors Yarema Sos, Brian Brurud, and Laura Owen (collectively referred to as "Defendants").

2. Defendants employed individuals in positions paid on a "day rate" basis. Plaintiff routinely worked more than forty (40) hours in a workweek, but was not paid an overtime premium for any of his overtime hours. As such, Plaintiff brings this action against Defendants for violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

## JURISDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA.

4. Venue is proper in the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. § 1391, because Defendants operate in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

5. Plaintiff, Joseph Flatley, resides in Florida and was employed by Defendants as a "Coach"

from approximately October 2012 through the Summer or Fall of 2014.

6. Defendant, Check-6 Inc., is a Delaware corporation doing business in Oklahoma with its principal business establishment in Tulsa, Oklahoma.

7. Defendant, Yarema Sos, is an individual and director of Check-6. Mr. Sos may be served with process by delivering a copy of the Summons and Complaint to him at his office located as 201 S. Denver Avenue, Suite 306, Tulsa, OK 74103, or wherever he may be found.

8. Defendant, Brian Brurud, is an individual and director of Check-6. Mr. Brurud may be served with process by delivering a copy of the Summons and Complaint to him at his office located as 201 S. Denver Avenue, Suite 306, Tulsa, OK 74103, or wherever he may be found.

9. Defendant, Laura Owen, is an individual and director of Check-6. Ms. Owen may be served with process by delivering a copy of the Summons and Complaint to her at her office located as 201 S. Denver Avenue, Suite 306, Tulsa, OK 74103, or wherever she may be found.

## INDIVIDUAL LIABILITY

10. At all relevant times, Mr. Sos, Mr. Brurud, and Ms. Owen acted and act directly in the interests of Check-6 in relation to its employees such as Plaintiff. Thus, they were and are an employer of Plaintiff within the meaning of Section 3(d) of the FLSA (29 U.S.C. § 203(d)), and are jointly, severally, and individually liable along with Check-6.

11. At all relevant times, Mr. Sos, Mr. Brurud, and Ms. Owen maintained executive authority over the "day rate" jobs Plaintiff was provided, including the location, duration, and rate-of-pay for those jobs.

**FACTUAL ALLEGATIONS**

12. At all relevant times, Check-6 is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. § 203(d) and has gross volume of sales in excess of $500,000.

13. Defendants maintained a practice of unlawfully employing some "day rate" workers as "1099 employees," "consultants," or "independent contractors." These "day rate" workers, such as Plaintiff, were termed "Coaches" and all worked under Defendants' exclusive direction and control, and subject to the same unlawful pay practice.

14. Plaintiff was employed by Defendants and paid a "day rate" (a set amount paid for each day worked) with no overtime pay for hours worked over forty (40) in a work week.

15. Plaintiff routinely worked in excess of forty (40) hours a work week without receiving overtime compensation for the overtime worked.

16. Defendants willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint in ways including, but not limited to, failing to pay Plaintiff overtime compensation. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

17. Plaintiff previously "opted in" to an FLSA action against these same Defendants entitled "*Joseph Goodly, on behalf of himself and other persons similarly situated v. Check-6 Inc., et al.*" pending in the United States District Court, Northern District of Oklahoma, Case No. 4:16-CV-00334-GKF-TLW, as a result of Defendants' failure to pay overtime wages. This previous FLSA action was conditionally certified as a collective action on November 4, 2016.

18. However, on November 1, 2018, Judge Gregory Frizzell granted Defendants' Motion to

Decertify the collective action. Plaintiff's claim as an "opt-in" plaintiff was dismissed without prejudice, and the Court further ordered that the statute of limitations would be equitably tolled for 20 days after the Court's Order in the event that the opt-in plaintiffs decided to file an individual lawsuit.

19. Therefore, the statute of limitations as it relates to Plaintiff's claims herein were, at the very least, tolled from the date that Plaintiff filed his Consent Form to join the *Goodly* litigation as an opt-in plaintiff through the date of the filing of this lawsuit. Plaintiff's Consent Form, which was also previously filed in the *Goodly* litigation, is attached hereto as Exhibit 1.

## CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

20. Plaintiff restates and incorporates by reference paragraphs 1 through 19 above.

21. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees' additional compensation for all hours worked over forty (40) hours per work week. More specifically, the FLSA requires that employees paid on a "day rate" basis receive this overtime pay. 29 C.F.R. § 778.112.

22. Defendants permitted Plaintiff to routinely work more than forty (40) hours a work week without overtime compensation.

23. Defendants' actions, policies, and practices described above violate the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

24. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages. Plaintiff is entitled to

liquidated damages and attorneys' fees and cost incurred in connection with this claim.

25. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 225(a). Defendants knew or showed reckless disregard for the the fact that its compensation practices were in violation of these laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A. A finding that Plaintiff was a non-exempt employee entitled to protection under the FLSA;

B. A finding that Defendants' violated the overtime provisions of the FLSA;

C. A finding that Defendants' violations of the FLSA were willful;

D. Judgment against Defendants in the amount of Plaintiff's unpaid back/overtime wages at the applicable rates;

E. An award of all damages, liquidated damages, pre-judgment interest and/or post-judgment interest;

F. An award of attorneys' fees and costs incurred in prosecuting this action; and

G. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

DATED: November 21, 2018

Respectfully submitted:

　　　*/s/   Jeff A. Taylor*　　　
Jeff A. Taylor, OBA #17210
The Offices at Deep Ford Creek
5613 N. Classen Boulevard
Oklahoma City, Oklahoma 73118

Telephone: (405) 286-1600
Fax: (405) 842-6132